Law Offices
# MARK C. H. MANDELL

Admitted to Practice:
New York, New Jersey
&
Pennsylvania
U.S. Court of Appeals: 2nd, 3rd, 9th, 11th, & D.C. Cir.
United States Supreme Court
Reply To__New Jersey_Office

New Jersey:  42 Herman Thau Road
Annandale, NJ 08801
(908)638-4434
Fax (908)638-4432

New York:  217 Broadway, Suite 304
New York, NY 10007
(212)349-0055

February 23, 2009

Hon. Cheryl L. Pollak, U.S.M.J.
U.S. District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

Via ECF and fax

Re:  Bonell Produce v. Chloe Foods Et.Al.
Case No. 08-cv-4218(FB)
Conference

Dear Magistrate Pollak,

This letter, being filed through the ECF System and fax by your Chambers' request, is to update you on the status of the above referenced matter.

As disclosed to you last month, the parties have been in intense discussions towards a settlement in the Bankruptcy Court. A stipulation was reached between Plaintiff and all parties except Amerivon as follows:

1.    A consent judgment in favor of Plaintiff and against Chloe Foods only will be drafted and entered in the District Court.

2.    Plaintiff will discontinue the remainder of the action in the District Court against all remaining defendants without prejudice.

The stipulation was submitted to Chief Bankruptcy Judge Craig and entered on the Bankruptcy Court docket on February 6, 2009. A copy thereof is attached hereto for your information.

Plaintiff has not circulated the appropriate judgment and Rule 41 dismissal because Defendant Amerivon declined to join the Stipulation and the time for them to object to it has just recently closed. The papers are being drafted and will be submitted to the Court just as soon as all signatures of parties or their counsel are obtained.

All parties request that the conference before Your Honor set for tomorrow, 2/24, be marked off.

*Conference adjourned. Status report to be filed within 30 days.*

Sincerely,

s/Mark C. H. Mandell
Mark C. H. Mandell
Attorney for Plaintiff

:quest Granted.

*Cheryl Pollak*

SO ORDERED.   U.S. Magistrate [...]

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

In re:

CHLOE FOODS CORP.,                         Chapter 11
d/b/a Chloe Foods Manufacturing,           Case No. 108-48650 CEC

                            Debtor.

------------------------------------x



STIPULATION BETWEEN PACA TRUST CLAIMANTS, ~~AMERIVON~~ AND DEBTOR
AUTHORIZING USE OF ACCOUNTS RECEIVABLE TO START-UP PRODUCTION
COMMENCING ON OR AFTER FEBRUARY 5, 2009

WHEREAS, on December 19, 2008, Chloe Foods Corp. d/b/a
Chloe Foods Manufacturing, debtor and debtor in possession
("Chloe" or the "Debtor"), filed for protection under Chapter 11
of title 11 of the United States Code, 11 U.S.C. §101, et seq.
(the "Bankruptcy Code") (the "Petition"); and

WHEREAS, Bonell Produce Inc.  d/b/a Dublin Produce Co.
("Bonell") moved for relief from the automatic stay by motion
dated January 20, 2009 (the "Bonell Lift Stay Motion"); and

WHEREAS, the Debtor has moved for use of cash collateral by
motion dated December 24, 2008 (the "Cash Collateral Motion");
and

WHEREAS, the following creditors (collectively the "PACA
Claimants"), have asserted the following claims (the "PACA
Claims") against the Debtor pursuant to the Perishable
Agricultural Commodities Act, 7 U.S.C. §499e, et seq. ("PACA"):

TABLE 01

| PACA TRUST CLAIMANT SUPPLIER | BALANCE |
| --- | --- |
| 1. BONELL PRODUCE INC. d/b/a DUBLIN PRODUCE CO. | $1,300,000.00 |
| 2. FARM FRESH INC. | $495,252.60 |
| 3. PARIS FOOD CORPORATION | $21,881.80 |

Hereinafter Bonell Produce Inc., Farm Fresh Inc., and Paris Food
Corporation shall be collectively referred to as the "PACA Trust
Entities"; and

WHEREAS, January 23, 2009 (the "Furlough Date") the Debtor
asserts it furloughed its entire work force except for minimal
office and sales staff, and as a result of such furlough, the
Debtor's ceased manufacturing and production operations and, but
for the shipment of olives, little new accounts receivable were
generated subsequent to the Furlough Date;

WHEREAS, the Debtor has proposed a plan to the PACA Trust
Entities to ramp-up its manufacturing operations utilizing the
Debtor's accounts receivables to purchase raw materials with
which to generate and manufacture its product by bringing back
on-line the Debtor's manufacturing facility and generate new
accounts receivable, and the **Bonell Lift Stay Motion** and the
**Cash Collateral Motion** are each settled as follows;

NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND
AGREED, by and between the undersigned, as follows:

1.    Commencing February 5, 2009, the Debtor is authorized
to purchase raw materials and related supplies with which to
manufacture its products pursuant to weekly profit-and-loss
statements issued by the Debtor based upon outstanding written
current orders for its products as established in paragraphs 4
and 5, provided it has on-hand active, current  orders for such
products.

2.    Such manufacturing operation will be limited to the
making of specified products in specific quantities to fill
actually received purchase orders from recognized customers.  No
speculative or anticipatory manufacturing will take place using
the released funds.  Debtor shall provide counsel for the PACA
Trust Entities and Amerivon with faxed copies of the purchase
orders prior to draw-down of funds.

3.    a. The Debtor shall purchase from Farm Fresh and
Dublin Produce all raw/fresh produce to fill customer orders,
purchasing from the supplier offering the lower price for the
specific commodity.  F.O.B prices for each such sale shall be
less than or equal to that set by reference to the "mostly" or
average price quoted for such commodity as listed in the
U.S.D.A. Market News Wholesale Fruit and Vegetable Report issued
each day for the N.Y.C. Terminal Market at Hunts Point, New
York.

CHLOFP-I

2

b. The Debtor shall purchase all frozen commodities needed to fill the accepted purchase orders from Paris Foods Corp.  There are no market price quotations for such commodities, however, Paris shall use its best efforts to obtain commodities ordered by the Debtor at the lowest possible price.

c. In the event that Farm Fresh, Dublin, or Paris are unable to obtain the items required by the Debtor, Debtor shall notify the suppliers' counsel by fax, and may then purchase needed supplies from other produce vendors on a c.o.d. basis.  Under no circumstances shall the Debtor's operations under this Stipulation increase its produce accounts payable.

d. Upon a confirmed order by the Debtor with Farm Fresh, Dublin or Paris, the Debtor shall pay for the items by wire transfer to the respective vendor's bank account before the produce or other item is shipped or made available for pick-up by the Debtor's trucks. The terms of this Stipulation shall not be deemed or interpreted as an extension of the Debtor's time to pay the PACA Trust Entities' prior outstanding accounts, nor may it be deemed a waiver of the PACA Trust Entities' rights under the PACA Statutory Trust contained in 7 U.S.C. §499e(c)(2) nor a modification of the original terms of sale of the commodities transactions forming the basis of the PACA Trust Entities' claims asserted and recognized herein.

e. The Debtor, consents to entry of a judgment in the United States District Court for the Eastern District of New York in the case entitled *BONELL PRODUCE CO. INC. d/b/a DUBLIN PRODUCE, INC., Plaintiff, against CHLOE FOODS INC., BRF ACQUISITION LLC, CHLOE KONTOGIANNIS, ANDREW THEMIS, ANNETTE APERGIS, AMERIVON HOLDINGS LLC, SCOTT DERUYTER and BRUCE ZEEDICH, Defendants,* which matter was assigned to the Hon. Frederick Block, United States District Court Judge, and assigned case no. 08-CIV-4218 (the "District Court Litigation") in favor of Bonell for the claims asserted [as against the Debtor only] therein subject to Bonell agreeing to cap its claim to $1,300,000 for principal, interest and attorney's fees, and provided further that all parties to this stipulation waive any claims as to the PACA trust status of Bonell, Farm Fresh and Paris. The consent judgment shall not create a new lien against the Debtor or its property, and that the stay is lifted solely to permit the entry of such judgment but not

its enforcement as against the Debtor or its property.  The
parties to this stipulation confirm the validity of the PACA
trust claims of Farm Fresh, Paris and Bonell as stated in the
table on page 1 of this Stipulation and that said claimants
are trust beneficiaries as said term is defined under 7 USC
499e(c) and that said claims remain due and unpaid.

f. The District Court Litigation shall be dismissed
without prejudice with respect to all defendants therein
except for the Debtor, and Bonell shall forbear from re-
commencing such litigation against said remaining defendants
for a period of six (6) months from the date hereof and in
the event that Bonell reinstitutes litigation pursuant to
this stipulation, Bonell has not waived its right to collect
attorney's fees for fees incurred after commencement of such
refiled case, except as to the Debtor.

g. Debtor shall pay to Bonell the sum of $100,000
($60,000 to Bonell and $40,000 to the IOLTA account of Bonell
counsel) and $25,000 to Farm Fresh, such sums shall be
considered partial payment of Bonell and Farm Fresh's claims
asserted in this matter.

4. This agreement and the Debtor's authorization and
obligations hereunder shall continue on a weekly basis provided
that the Debtor provides the undersigned counsel to the PACA
Creditors, the aged statement of accounts receivable, the
proposed use of funds, a statement of cash on hand, and
projected profit-and-loss statements for the following week by
5:00 P.M. eastern time on each Friday, and provided further
counsel to the undersigned PACA Creditors do not object by fax
or email to the undersigned counsel for the Debtor by 9:00 A.M.
eastern time the following Monday.

5. Funds to pay the necessary overhead, cost of raw materials
as may be authorized under this agreement, and the wages earned
in producing under this agreement as authorized under this
agreement shall be paid from the escrow account of the law firm
of Davidoff Malito & Hutcher LLP ("DMH) to the extent there are
sufficient funds in said escrow account. Neither DMH nor any of
its partners, officers, agents and/or employees are or shall be
responsible for the disbursement of funds hereunder under PACA
or any other legal, factual or equitable basis.

6. This stipulation is without prejudice to the rights of
creditors having trust claims pursuant to PACA.

7. This stipulation and agreement may be executed in counterparts, each of which will constitute the same agreement, and shall be effective upon Court approval hereof.

Dated:   New York, New York
         February 5, 2009


SO ORDERED this 5th day of February 2009
    s/ CARLA E. CRAIG
Hon. Carla E. Craig
Chief United Sates Bankruptcy Judge



DAVIDOFF MALITO & HUTCHER LLP
Attorneys for the Debtor

By: _____
    Charles Capetanakis, Esq.
605 Third Avenue
New York, New York 10158



MARILYN SIMON & ASSOCIATES
and  MARK C.H. MANDELL, ESQ.
Co-Counsel for Bonell
Produce Co., Inc.

By: _____
110 East 59th Street, 23rd flr
New York, New York 10022
(212) 759-7909



DIANA F. ADAMS, ESQ.
UNITED STATES TRUSTEE

By: _____
    Jaqueline Fromme, Esq.
271 Cadman Plaza
Brooklyn, New York 11201
(718) 422-1960

SILLS CUMMIS & GROSS PC
Counsel to Amerivon


By:_____
      Charles N. Panzer, Esq.
One Rockefeller Plaza
New York, NY 10112

Law Offices
# MARK C. H. MANDELL, ESQ.
## 42 HERMAN THAU ROAD
## ANNANDALE, NJ 08801
## (908)638-4434

## FAX TELECOPIER TRANSMISSION COVER SHEET

**DATE:**      February 23, 2009
**TIME:**      03:20pm Eastern
**ATTENTION:**              Chambers of Hon.  Cheryl L. Pollak, USMJ
**RECIPIENT FAX PHONE NUMBER:**        718-613-2365
**RE:**  08-cv-4218
**PAGES TO FOLLOW THIS PAGE:**  <u>8*</u>
**COMMENTS:**     Also filed through ECF this date.  All counsel consent.

**FAX REPLY TO:** 908-638-4432 (8:30am to 5:30pm, Eastern)

## * IF ALL DOCUMENTS ARE NOT RECEIVED IN GOOD ORDER
## PLEASE CALL 1-908-638-4434 IMMEDIATELY
## TO ARRANGE FOR RE-TRANSMISSION

**PLEASE TAKE NOTICE:**
THE DOCUMENTS CONTAINED IN THE FACSIMILE TRANSMISSION FOLLOWING THIS COVER PAGE ARE PRIVILEGED ATTORNEY COMMUNICATION AND ALL INFORMATION CONTAINED IN THIS TRANSMISSION IS BOTH CONFIDENTIAL AND INTENDED ONLY FOR THE RECIPIENT NAMED ABOVE. <u>YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION AND THE DOCUMENTS FOLLOWING WITHOUT THE SENDER'S WRITTEN AUTHORIZATION IS STRICTLY PROHIBITED.</u> IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, KINDLY CONTACT THE SENDER TO ARRANGE FOR RETURN OF THE DOCUMENTS.